UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DAVID H. BROOKS,

                              Plaintiff,

— against —

MICHAEL SPOSATO, *et al.*,

                              Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-2598 (SLT)(CLP)

**TOWNES, United States District Judge:**

In April 2011, plaintiff David H. Brooks commenced this action in the United States District Court for the Southern District of New York against Michael Sposato, the Acting Sheriff of Nassau County and the Warden of the Nassau County Correctional Center ("NCCC"); the Warden and two employees of the Queens Private Detention Facility (collectively, the "QPDF Defendants"); three Deputy United States Marshals (the "Marshal Defendants"); and 100 John Does, alleged to be various employees of the NCCC, the QPDF and the United States Marshals Service. On May 24, 2011, in response to the QPDF Defendants' motion to dismiss this action for improper venue or to transfer the action to the United States District Court for the Eastern District of New York, Southern District Judge Deborah A. Batts transferred this action to this Court. The many subsequent developments in this case are chronicled in Magistrate Judge Pollak's thorough Report and Recommendation dated November 26, 2012, familiarity with which is assumed. Accordingly, this Court need not repeat the entire history of this case, but will only highlight those developments central to this Memorandum and Order.

First, in October 2011, this Court granted the Marshal Defendants permission to move to dismiss all claims against them. However, on March 19, 2012 – the very day on which the fully briefed motion to dismiss was filed – plaintiff filed a Notice of Dismissal Without Prejudice,

dismissing the action against the Marshal Defendants. On March 20, 2012, acting pursuant to that notice, this Court ordered that the action be dismissed as to the Marshal Defendants.

Second, by letter dated April 30, 2012, plaintiff's counsel informed Judge Pollak that plaintiff had reached an agreement with the QPDF Defendants, under which plaintiff would withdraw his constitutional claims against the QPDF Defendants and the QPDF Defendants would consent to the filing of a second amended complaint. In that letter, plaintiff's counsel announced his intention to "file the appropriate dismissal papers regarding the *Bivens* claims against QPDF Defendants shortly." Letter to Judge Pollak from Claire M. Sathe, Esq., dated Apr. 30, 2012, at 1. No such papers have yet been filed. However, in early June 2012, plaintiff commenced an action against the QPDF Defendants in state court, raising the same state law claims alleged in this action.

Third, by letter dated May 1, 2012, plaintiff's counsel informed Judge Pollak that plaintiff had been unable to reach an agreement with defendant Sposato, since the parties disagreed as to whether plaintiff's *Bivens* claims against Sposato remained viable in light of *Minneci v. Pollard*, 132 S.Ct. 617 (2012). Plaintiff's counsel further noted that Sposato did not consent to plaintiff's filing a second amended complaint, but alluded to plaintiff's pending "March 19, 2012 motion to dismiss the action <u>without prejudice</u> against Defendant Sposato and QPDF Defendants." Letter to Judge Pollak from Claire M. Sathe, Esq., dated May 1, 2012, at 1 (emphasis in original).

On November 26, 2012, Judge Pollak issued a report and recommendation (the "R&R") which noted, *inter alia*, that there is no pending motion to dismiss the claims against Sposato and the QPDF Defendants. The R&R recommended (1) that the Marshal Defendants' motion to dismiss be deemed moot; (2) that plaintiff be directed to file a submission either withdrawing his claims against the QPDF Defendants in this action or indicating an intention to proceed against the QPDF Defendants in this action and not in the state court action; (3) that if plaintiff continues to pursue his claims against the QPDF Defendants in both federal and state court, the QPDF Defendants be

2

allowed to move to dismiss; and (4) that this Court refrain from taking any action with respect to the claims against Sposato. The R&R, which was filed electronically on November 26, 2012, advised the parties that any objections to the R&R had to be filed within 14 days.

To date, no objections have been filed. Since a district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed, *see Thomas v. Arn*, 474 U.S. 140, 150 (1985), this Court adopts the R&R in its entirety as the opinion of the Court. *See* 28 U.S.C. § 636(b)(1). Accordingly, it is **ORDERED**:

1. That the Marshal Defendants' motion to dismiss, filed March 19, 2012, is deemed moot;

2. That on or before January 22, 2013, plaintiff shall either (1) withdraw his claims against the QPDF Defendants in this action or (2) file a submission indicating an intention to proceed against the QPDF Defendants in this action and not in the state court action; and

3. That if plaintiff fails to take either of the actions listed in paragraph 2, above, within the time allowed, and continues to pursue his claims against the QPDF defendants in both federal and state court, the QPDF Defendants may seek permission to move to dismiss the claims against them pursuant to Section III.A of this Court's Individual Motion Practices and Rules.

This Court will not take any action with respect to the claims against Sposato, since there are no pending motions as to these claims.

**SO ORDERED.**

s/ SLT

/SANDRA L. TOWNES
United States District Judge

Dated: December 27, 2012
Brooklyn, New York

3