UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DAVID H. BROOKS,

      Plaintiff,

  -against-

MICHAEL SPOSATO, *et al.*,

      Defendants.
----------------------------------------------------------x



**ORDER ADOPTING**
**REPORT AND RECOMMENDATION**

11-CV-2598 (SLT)(CLP)

  This is one of two actions currently pending before this Court in which plaintiff David H. Brooks seek damages for Eighth Amendment violations and medical malpractice which allegedly occurred in January and February of 2010, while plaintiff was incarcerated in the Nassau County Correctional Center ("NCCC") and the Queens Private Detention Facility ("QPDF"), a privately operated facility. This, the first action, was commenced on April 18, 2011, when plaintiff filed a complaint in the United States District Court for the Southern District of New York naming Michael Sposato, then the Acting Sheriff of Nassau County and the Warden of the NCCC; six other individuals and 100 Does as defendants. Three of the individual defendants were employees of the QPDF: its warden, William Zerillo; its Supervising Health Services Administrator, Jason Maffia; and a psychiatrist, Dr, Lyubov Gorelik. The other three individual defendants—Timothy Hogan, Richard Viets, and John Quaranto (collectively, the "Marshal Defendants")—were Deputy United States Marshals.

  On May 24, 2011, upon the motion of the Marshal Defendants, this action was transferred to this Court. Thereafter, Sposato and the three QPDF employees answered the complaint. The Marshal Defendants, however, requested and received permission to move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1).

The fully briefed motion to dismiss was filed on the Court's Electronic Case Filing ("ECF") system on March 19, 2012. Later that same day, plaintiff filed a "Notice of Dismissal Without Prejudice," dismissing his claims against the Marshal Defendants without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Although plaintiff did not need a Court order to dismiss these defendants—none of whom had answered or moved for summary judgment—this Court "granted" the dismissal, noting, "The action is dismissed as to Timothy Hogan, Richard Viets and John Quaranto." The action continued with respect to the remaining defendants.

On June 6, 2012, plaintiff commenced a second action in the Supreme Court of the State of New York, Nassau County. The second action—*Brooks v. Sposato*, No. 12-CV-4740 (SLT)(CLP)—was brought against the Marshal Defendants, the other defendants named in the first action (including the 100 Does), and four additional defendants: Nassau Health Care Corporation ("NHCC"); Perry Intal, a Nurse Practitioner employed by NHCC to provide services at NCCC; The GEO Group, Inc. ("GEO Group"), which owned and operated the QPDF; and GEO Care, Inc., a wholly owned subsidiary of GEO Group which allegedly provided healthcare services at QPDF. Despite the additional defendants, the second action alleged essentially the same facts as the first cause of action. On September 21, 2012, the Marshal Defendants removed the second action to this Court.

On January 30, 2013, Andrew Goodman, then the attorney for plaintiff, wrote a letter to Magistrate Judge Pollak, stating that plaintiff had authorized him to advise the Court that plaintiff wished to dismiss the remaining claims in this action. After noting that plaintiff had already voluntarily dismissed his claims against the Marshal Defendants without prejudice, Mr. Goodman requested that plaintiff's Eighth Amendment claims against Zerillo, Maffia, and

2

Gorelik be dismissed with prejudice, and that plaintiff's claims against Sposato and his medical malpractice claims against Gorelik be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). On February 28, 2013, Judge Pollak held a status conference relating to both of plaintiff's actions, at which plaintiff's counsel again represented that plaintiff wished to dispose of this action and to pursue only the second action.

About one week after the status conference, Judge Pollak issued a report and recommendation dated March 7, 2013 (the "R&R) in which she recommended that this case "be dismissed as plaintiff requests in his January 30, 2012 [*sic*] letter." R&R at 4. That R&R specifically advised the parties that any objections to the R&R had to be filed with the Clerk of Court within fourteen days of their receipt of the R&R.

On March 12, 2013, Mr. Goodman filed a "Partial Objection" to the R&R. That document took "no issue with any dispositive element" of the R&R, Partial Objection at 3, but sought to clarify plaintiff's reasons for discontinuing this action and commencing the second action. To date, none of the defendants have filed objections to the R&R. Accordingly, it is

**ORDERED** that Judge Pollak's report and recommendation dated March 7, 2013, is adopted pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's Eighth Amendment claims against defendants William Zerillo, Jason Maffia, and Dr. Lyubov Gorelik are dismissed with prejudice; plaintiff's claims against defendant Michael Sposato and his medical malpractice claims against Dr. Gorelik are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2); and the Clerk of Court is directed to close this case.

/s/(SLT)

/SANDRA L. TOWNES
United States District Judge

Dated: September 23, 2014
Brooklyn, New York